IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANDREW SAVAGE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 09-505-GMS |
| ) | |
| PERRY PHELPS, Warden, and ) | |
| ATTORNEY GENERAL OF ) | |
| THE STATE OF DELAWARE, ) | |
| ) | |
| Respondents. ) | |

Andrew Savage. *Pro se* petitioner.

Danielle Brennan, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Respondents.

**MEMORANDUM OPINION**

Sept 12, 2012
Wilmington, Delaware

Sleet, Chief Judge

Pending before the court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner Andrew Savage ("Savage"). (D.I. 2) For the reasons discussed, the court will deny the petition.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In June 2004, Savage was indicted on one count of second degree assault and one count of possession of a deadly weapon during the commission of a felony. He pled guilty to one count of second degree assault on September 2, 2004. The Superior Court sentenced Savage to five years of incarceration, suspended immediately for two years and three months of Level IV quasi-incarceration, suspended after serving three months for two years at Level III probation. (D.I. 12 at 1) Savage did not appeal his conviction.

In November 2004, Savage was found in violation of the Level III probation ("VOP"), and sentenced to four months of Level IV followed by two years of Level III probation. (D.I. 14, *Savage v. State*, No.558,2008, State's Ans. Br., at 4) Two years later, while serving the Level III probation imposed in November 2004, Savage was arrested for felony assault. As a result, he was charged with violating his probation. *Id.* The administrative warrant was filed on December 5, 2006, and a hearing was scheduled for December 12, 2006. However, the December 12 hearing was continued at Savage's request, and a new hearing was not scheduled. *Id.*

Nine months later, on September 18, 2007, Savage entered a plea of guilty to one of the new charges – second degree assault – and was sentenced to probation. *Id.* at 5. One month later, on October 16, 2006, he was found guilty of violating his probation by being arrested for, and convicted of, another felonious assault. *Id.* Savage was immediately sentenced to five years

1

of incarceration, suspended after four years for one year at Level III probation. (D.I. 12 at 1-2)

On December 10, 2007, Savage filed a motion to modify his sentence under Delaware Superior Court Criminal Rule 35(b). The Superior Court denied the motion, and Savage did not appeal that decision. *Id.* at 2.

On June 11, 2008, Savage filed a motion to reduce the VOP sentence imposed in October, 2006. The Superior Court denied the motion as untimely, repetitious, and meritless. Savage did not appeal that decision. *Id.*

In October 2008, Savage filed a motion for post-conviction relief under Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"), challenging his VOP sentence. *See State v. Savage*, 2008 WL 5048413, at *1 (Del. Super. Ct. Nov. 25, 2008). The Superior Court denied the Rule 61 motion, and the Delaware Supreme Court affirmed that decision. Savage filed a motion for reargument, which the Delaware Supreme Court denied. *See Savage v. State*, 974 A.2d 858 (Table), 2009 WL 1525946, at *1 (Del. June 2, 2009, rearg't den. June 17, 2009).

## II. GOVERNING LEGAL PRINCIPLES

### A. The Antiterrorism and Effective Death Penalty Act of 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "to reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003). Pursuant to AEDPA, a federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). AEDPA imposes procedural requirements and standards for analyzing the merits of a habeas petition in order to "prevent federal habeas 'retrials' and to

ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

### B. Exhaustion and Procedural Default

Absent exceptional circumstances, a federal court cannot grant habeas relief unless the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-44 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). AEDPA states, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>  (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The exhaustion requirement is based on principles of comity, requiring a petitioner to give "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 844-45; *Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000). A petitioner satisfies the exhaustion requirement by demonstrating that the habeas claims were "fairly presented" to the state's highest court, either on direct appeal or in a post-conviction proceeding. *See Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997); *Coverdale v. Snyder*, 2000 WL 1897290, at *2 (D. Del. Dec. 22, 2000). "Fair presentation of a claim means that the petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice

3

that a federal claim is being asserted." *Holloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004). A federal legal claim is "fairly presented" to state courts when there is: (1) reliance in the state courts on pertinent federal cases employing constitutional analysis; (2) reliance on state cases employing constitutional analysis in like fact situations; (3) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution; and (4) allegation of a pattern of facts that is well within the mainstream of constitutional litigation. *See McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999).

A petitioner's failure to exhaust state remedies will be excused if state procedural rules preclude him from seeking further relief in state courts. *Lines v. Larkins,* 208 F.3d 153, 160 (3d Cir. 2000); *see Teague v. Lane,* 489 U.S. 288, 297-98 (1989). Although treated as technically exhausted, such claims are nonetheless procedurally defaulted. *Lines,* 208 F.3d at 160; *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). Similarly, if a petitioner presents a habeas claim to the state's highest court, but that court "clearly and expressly" refuses to review the merits of the claim due to an independent and adequate state procedural rule, the claim is exhausted but procedurally defaulted. *See Coleman*, 501 U.S. at 750; *Harris v. Reed*, 489 U.S. 255, 260-64 (1989).

Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. *McCandless v. Vaughn,* 172 F.3d 255, 260 (3d Cir. 1999); *Coleman,* 501 U.S. at 750-51. To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural

rule." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, a petitioner must show "that [the errors at trial] worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494.

Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Wenger,* 266 F.3d at 224. A petitioner demonstrates a miscarriage of justice by showing a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 496. Actual innocence means factual innocence, not legal insufficiency, *Bousley v. United States,* 523 U.S. 614, 623 (1998), and is established if no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt. *Sweger v. Chesney,* 294 F.3d 506, 522-24 (3d Cir. 2002).

## III. DISCUSSION

Savage's petition asserts the following four grounds for relief: (1) his due process rights were violated during the VOP hearing and by the fact that he improperly served an additional eight months on his VOP sentence; (2) the Superior Court violated his right to be protected from double jeopardy by sentencing him on a VOP that was based on a prior adjudicated charge; (3) the judge abused his discretion and acted with a closed mind in sentencing him on his VOP; and (4) the judge's statements during sentencing amounted to judicial misconduct. The State contends that claims one and two should be denied for failing to satisfy § 2254(d), and that claims three and four should be denied as procedurally barred.

### A. Claims One, Three, and Four: Procedurally Barred

Reading Savage's petition in conjunction with his reply, the court interprets claim one as

asserting that Savage's due process rights were violated during the VOP hearing because he was denied an opportunity to testify, he was denied the assistance of counsel, and the hearing was not held before a neutral body. Savage also argues that his due process rights were violated because the Superior Court's VOP sentence of five years at Level V, suspended after four years for one year at Level III, did not take into account the "additional" eight months he served at Level III probation while waiting for his VOP hearing in October 2007. Although not entirely clear, Savage appears to believe that the Level III portion of the VOP sentence imposed in October 2007 should only have been for four months.

The record reveals that the "due process" claim Savage presented on post-conviction appeal was couched in terms of Delaware state law errors rather than the general federal due process concerns presented here.[1] Consequently, contrary to the State's assertion, the court

---

[1] For instance, in his post-conviction appellate brief, Savage "explained" that he had over-served" the Level III portion of his original sentence, because the Level III portion of his original sentence expired between the original date set for his VOP hearing (December 5, 2006) and the date on which the VOP hearing was actually held (October 16, 2007). He then argued that he was denied due process, because the Superior Court violated 11 Del. Code Ann. § 4334(c) by failing to "act within a reasonable time after the issuance of the warrant" or "even act in a reasonable time afer the continuance of the hearing, and even after the probationary period expired." (D.I. 14, *Savage v. State*, No.558,2008, Appellant's Op. Br. at 2) The Delaware Supreme Court viewed Savage's argument to be that "he could not be sentenced for violating probation in October 2007 because his term of probation had expired by that time." Applying state law, the Delaware Supreme Court rejected the argument as meritless, explaining, "[s]o long as the probation violation occurs prior to the expiration of the probationary term, it is of no consequence that the violation proceedings and sentencing occur after the expiration of the probationary term." *Savage*, 2009 WL 1525946, at *1. Savage filed a motion for reargument, asserting that the Delaware Supreme Court may have "overlooked or misapprehended the nature and scope of his arguments and questions presented in the Briefs." (D.I. 14, *Savage v. State*, No.558,2008, Motion for Reargument, at 2) After again asserting that he "over-served the two years originally ordered before the October 16, 2007 hearing," Savage contended that "the probation period had been enlarged due to the over-serving and not in accordance with 11 Del. C. § 4334(c), where state statute does not grant authority to enlarge a period of probation once imposed, and Superior Court erred in extending probation period." *Id.* at 2-3. The Delaware

6

concludes that claim one is not exhausted because Savage did not "fairly present" claim one to the Delaware Supreme Court.

A review of the record also reveals that Savage did not exhaust state remedies for claims three and four. For instance, the arguments Savage presented to the Delaware state courts in his post-conviction proceeding were premised on the VOP judge's alleged failure to comply with Delaware Superior Court Criminal Rule 32 and 11 Del. Code Ann. §§ 4214 and 4333. In this proceeding, Savage alleges that the VOP judge abused his discretion by viewing his case with a closed mind and vindictiveness, and that the judge engaged in judicial misconduct by stating during the sentencing hearing, "You know, it's all over, it's all over for you, Mr. Savage." Considering that the claims asserted in Savage's state collateral proceeding were couched in terms of state law error, and the claims asserted in this proceeding are vaguely asserted in terms of federal constitutional error, the court concludes Savage did not exhaust state remedies because he failed to "fairly present" the instant arguments in claims three and four to the Delaware Supreme Court.

At this juncture, Savage has no method of presenting claims one, three, and four to the Delaware state courts, because the time for filing a Rule 61 motion has expired and the claims would be barred as repetitive. *See* Del. Super. Ct. Crim. R. 61(i)(1) & 61(i)(2); *Lawrie v. Snyder*, 9 F. Supp. 2d 428, 453 (D. Del. 1998)(Rule 61(i)(2) bars any ground for relief that was not asserted in a prior proceeding). Hence, the claims are deemed exhausted but procedurally defaulted, and the court can only reach the merits of the claims if Savage demonstrates cause and prejudice, or that a miscarriage of justice will result in the absence of habeas review.

---

Supreme Court considered the motion for reargument, and denied it as meritless.

Savage does not assert, and the court cannot discern, any cause for his failure to fairly present the due process argument contained in claim one to the Delaware Supreme Court on post-conviction appeal. And, although Savage asserts that his default of claims three and four was due to his incarceration, limited access to the law library, and the "time sensitivity of having to file proceedings," none of these routine aspects of prison life constitute cause for procedural default purposes.

In the absence of cause, the court will not address the issue of prejudice. Additionally, the miscarriage of justice exception to the procedural default doctrine does not apply, because Savage has not provided new reliable evidence of his actual innocence. Accordingly, the court will deny claims one, two, and three as procedurally barred.[2]

### B. Claim Two

In claim two, Savage alleges that his right to be protected against double jeopardy was violated because he was prosecuted and punished for second degree assault on two separate occasions: first, on September 18, 2007, when he pled guilty to second degree assault and was sentenced for that conviction, and second, on October 16, 2007, when the same second degree assault conviction was used as the premise for his VOP and for which he was punished by having his probation revoked.

---

[2]To the extent the Delaware Supreme Court's decision should be viewed as constituting an adjudication of claim one's federal due process arguments, the court concludes that the claim does not warrant relief under § 2254(d) for the reasons asserted by the State. *See* (D.I. 12 at 6-8) Simply stated, Savage was validly arrested on the VOP during his period of probation; the legality of Savage's probation and subsequent violation is governed by Delaware law; and Savage did not provide any evidence to demonstrate that he was not afforded the minimum requirements of due process during his VOP hearing (neutral hearing body, written notice of the claimed violation, disclosure of evidence, opportunity to testify and confront witnesses, and the assistance of counsel). *Id.*

The double jeopardy clause protects an individual from "being subjected to the hazards of trial and possible conviction more than once for an alleged offense,"[3] and prevents the imposition of multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969). However, the Supreme Court has held that the conduct or offense used as the basis for a probation violation can also used as the basis for a criminal prosecution without violating double jeopardy protections, because the imposition of confinement upon a violation of probation does "not involve the increase of a final sentence, and . . . the defendant is aware at the original sentencing that a term of imprisonment later may be imposed." *Ralston v. Robinson*, 454 U.S. 202, 220 n.14 (1981); *United States v. DiFrancesco*, 449 U.S. 117, 137 (1980). Pursuant to this precedent, the court concludes that VOP sentence imposed in October 2007 did not constitute a second punishment for Savage's second degree assault conviction in September 2007. Accordingly, claim two does not warrant relief.[4]

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A

---

[3]*Green v. United States*, 355 U.S. 184, 187 (1957).

[4]The State asserts that Savage fairly presented claim two on post-conviction appeal, but argues that the Delaware Supreme Court's denial of claim does not warrant relief because the Delaware Supreme Court's decision was neither contrary to, nor an unreasonable application of, clearly established Federal law. The court disagrees with the State's exhaustion conclusion, because the argument asserted in claim two as clarified in Savage's reply is not the same argument that was presented to the Delaware Supreme Court on post-conviction appeal. Nevertheless, the court is authorized to deny this procedurally defaulted claim as meritless under § 2254(b)(2). *See Bronshtein v. Horn*, 404 F.3d 700, 728 (3d Cir. 2005). And, even if the court were to view claim two as having been adjudicated on the merits, Savage is not entitled to relief under § 2254(d), because the Delaware Supreme Court's denial of the claim was neither contrary to, nor an unreasonable application of, *Ralston* and *DiFrancesco*.

certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

The court has concluded that Savage's petition fails to warrant federal habeas relief. The court is persuaded that reasonable jurists would not find this conclusion to be debatable. Therefore, the court will not issue a certificate of appealability.

## V. CONCLUSION

For the reasons stated, Savage's petition for habeas relief pursuant to 28 U.S.C. § 2254 is denied without an evidentiary hearing or the issuance of a certificate of appealability. An appropriate order shall issue.